UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALEC TABAK,<br><br>                    Plaintiff,<br><br>   - against -<br><br>MONROE COUNTY BROADCASTING COMPANY, LIMITED<br><br>                    Defendant. | Docket No. 6:18-cv-6542<br><br>JURY TRIAL DEMANDED |

# COMPLAINT

Plaintiff Alec Tabak ("Tabak" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendant Monroe County Broadcasting Company, Limited ("Monroe" or "Defendant") hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of a copyrighted photograph of American rapper DMX, owned and registered by Tabak, a New York based professional photographer. Accordingly, Tabak seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

## JURISDICTION AND VENUE

2. This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq*., and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.     This Court has personal jurisdiction over Defendant because Defendant resides and/or transacts business in New York.

4.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.     Tabak is a professional photographer in the business of licensing his Photograph to online and print media for a fee having a usual place of business at 17 Monroe Street, Apt R3, New York, New York 10002.

6.     Upon information and belief, Monroe is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 683 East Main Street, Rochester, New York 14605. Upon information and belief, Monroe is registered with the New York State Department of Corporations to do business in New York. At all times material, hereto, Monroe has owned and operated a website at the URL: www.WDKX.com (the "Website").

## STATEMENT OF FACTS

**A.     Background and Plaintiff's Ownership of the Photograph**

7.     Tabak photographed American Rapper DMX coming out of Court (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

8.     Tabak then licensed the Photograph to the New York Daily News. On October 5, 2017, the New York Daily News ran an article that featured the Photograph entitled *Rapper DMX says he's 'feeling good' after judge sets fraud trial date*. See http://www.nydailynews.com/new-york/rapper-dmx-feeling-good-fraud-trial-date-set-article-1.3543886. Tabak's name was featured in a gutter credit identifying him as the photographer of the Photograph. A true and correct copy of the article is attached hereto as Exhibit B.

9. Tabak is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

10. The Photograph are registered with the United States Copyright Office and were given registration number VA 2-083-979.

**B.     Defendant's Infringing Activities**

11. Monroe ran an article on the Website entitled *D.M.X. OUT HERE LOOKING HEALTHY AND FEELING GOOD*. The article prominently featured the Photograph. See http://www.wdkx.com/wdkxwp/wp/?p=13006. A true and correct copy of the article is attached hereto as Exhibit C.

12. Monroe did not license the Photograph from Plaintiff for its Website, nor did Monroe have Plaintiff's permission or consent to publish the Photograph on its Website.

**FIRST CLAIM FOR RELIEF
(COPYRIGHT INFRINGEMENT AGAINST MONROE)
(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Monroe infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the Website. Monroe is not, and has never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

15. The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Monroe have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

## SECOND CLAIM FOR RELIEF
## INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST MONROE
## (17 U.S.C. § 1202)

18. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-17 above.

19. Upon information and belief, Monroe copied the Photograph from the New York Daily News which had a gutter credit stating "Alec Tabak" underneath the Photograph and intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

20. The conduct of Monroe violates 17 U.S.C. § 1202(b).

21. Upon information and belief, Monroe falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

22. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Monroe intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Monroe also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

23. As a result of the wrongful conduct of Monroe as alleged herein, Plaintiff is entitled to recover from Monroe the damages, that she sustained and will sustain, and any gains,

profits and advantages obtained by Monroe because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

24. Alternatively, Plaintiff may elect to recover from Monroe statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Monroe be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Monroe be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. Plaintiff be awarded Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management.

5. That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 1203(b);

7. That Plaintiff be awarded pre-judgment interest; and

8. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
July 22, 2018

                                                                                LIEBOWITZ LAW FIRM, PLLC

                                                                                By: /s/Richard Liebowitz
                                                                                     Richard P. Liebowitz
                                                                              11 Sunrise Plaza, Suite 305
                                                                              Valley Stream, New York
                                                                              Tel: 516-233-1660
                                                                              RL@LiebowitzLawFirm.com

                                                                              *Attorneys for Plaintiff Alec Tabak*